**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TREY MITCHELL, | ) | Civil Action No. 06-908 |
| | ) | |
| Plaintiff, | ) | Judge Lancaster |
| | ) | |
| v. | ) | Magistrate Judge Lenihan |
| | ) | |
| AN UNNAMED CITY OF PITTSBURGH | ) | |
| POLICE OFFICER NO. 1, AN UNNAMED | ) | |
| CITY OF PITTSBURGH POLICE | ) | |
| OFFICER NO. 2, AN UNNAMED CITY | ) | Re: Doc. No. 28 |
| OF PITTSBURGH POLICE OFFICER | ) | |
| NO. 3, all acting in their official and | ) | |
| individual capacities; ROBERT McNEILLY | ) | |
| Chief of Police of the City of Pittsburgh, in | ) | |
| his official and individual capacity, and | ) | |
| THE CITY OF PITTSBURGH, a Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

It is respectfully recommended that Defendants' Motion for Summary Judgment be granted.

II. **REPORT**

Plaintiff's Complaint arises out of an alleged incident involving Trey Mitchell on October 14, 2003, wherein Pittsburgh police officers allegedly chased, and struck Plaintiff, causing the loss of his left eye. Plaintiff claims that this sequence of events was precipitated by his failure to respond to a question he was asked by the officers. Plaintiff raised the following

claims in his original Complaint:

 Count I: Excessive Force
 Count II: Assault and Battery
 Count III: Negligence and Gross Negligence
 Count IV: Extreme and Outrageous Conduct

 After the filing of a Partial Motion for Summary Judgment, Motions to Strike, and rulings by the Court, the only remaining claim is for Excessive Force pursuant to 42 U.S.C. § 1983. The only remaining defendants are the City of Pittsburgh, and the Unnamed City of Pittsburgh Police Officers.

 The Court granted several motions for extension of discovery. See Doc. Nos. 22, 25, 26. Specifically, at the December 21, 2006 Initial Scheduling Conference, the parties requested 120 days for discovery, which was allowed. At an April 25, 2007 Status Conference, the parties requested an extension and a discovery extension to July 25, 2007 was granted by the Court. On July 24, 2007, Plaintiff filed a Motion to Extend Discovery. The Court granted Plaintiff's motion and extended discovery until September 24, 2007. On September 24, 2007, Plaintiff filed a Second Motion for Extension of Discovery. The Court granted this second motion and set the close of discovery for November 26, 2007. Discovery was again extended at a November 28, 2007 Status Conference until January 31, 2008. At a February 8, 2008 Status Conference, the Court indicated that discovery was still ongoing but would conclude soon.

A. Facts

 Plaintiff alleges that on or about October 14, 2003, he was walking on Johnston Street near his home in the Hazelwood section of Pittsburgh. (Defendant's Concise Statement of Material Facts and Plaintiff's Response thereto, Doc. Nos. 31 & 38 at ¶ 1) [hereinafter "Doc.

Nos. 31 & 38 at ¶ __]. As he was walking, Plaintiff alleges that three (3) male individuals, who he believes are unknown City of Pittsburgh police officers, called out to Plaintiff asking if he was Scott Perry. (Doc. Nos. 31 & 38 at ¶ 2.) Plaintiff states that when he did not immediately reply, the alleged officers began running toward him and he, not knowing their identity, began to run up Johnson Avenue. (Doc. Nos. 31 & 38 at ¶ 3.) Plaintiff alleges that one of the Defendant police officers struck him in the eye with a flashlight, causing serious and permanent injuries. (Doc. Nos. 31 & 38 at ¶ 4.) As a result of the blow from the flashlight, Plaintiff underwent surgery on October 28, 2003, to remove his left eye. (Doc. Nos. 31 & 38 at ¶ 5.) Although Plaintiff alleges in his Complaint that he did not know the identity of the individuals when they first questioned him and ran because he was fearing for his safety, by deposition testimony, Plaintiff indicated that he knew they were officers because they had badges hanging out when he first saw them. (Doc. Nos. 31 & 38 at ¶ 7.) Plaintiff believes that an "Officer Snyder" is one of the three (3) officers who chased him. He learned this from a friend of his named Aaron Davis. (Doc. Nos. 31 & 38 at ¶ 8.) Plaintiff does not know if Officer Snyder is the officer who struck him. (Doc. Nos. 31 & 38 at ¶ 9.)

Plaintiff alleges that the officers transported him to Shuman Juvenile Detention Center after the incident. (Doc. Nos. 31 & 38 at ¶ 10.) Thereafter, Plaintiff was taken to the emergency room at UPMC Presbyterian. (Doc. Nos. 31 & 38 at ¶ 11.) Plaintiff's discharge summary from UPMC Presbyterian dated October 17, 2003, provides as follows: "The patient is a 17-year-old, African-American male who presented to Presbyterian University Hospital Emergency Department with of history of being pursued by police, when he reports he tripped, fell and hit the side of his head on a basketball hoop pole." (Doc. Nos. 31 & 38 at ¶ 12.) Plaintiff's

3

Emergency Department Attending Physician Addendum reads as follows: "This is a male who is incarcerated at a juvenile Detention Center who was reportedly running tonight and ran into a basketball rack by report of the staff. He struck his eye and face, and he fell to the ground." (Doc. Nos. 31 & 38 at ¶ 13.)

Despite having a list of all City of Pittsburgh officers working all details which may have caused them to be on Johnston Avenue at the date and time alleged by Plaintiff, including the narcotics unit, the shift they work, whether they wear a uniform, and their race and gender, Plaintiff has neither amended nor added additional parties to his Complaint. (Doc. Nos. 31 & 38 at ¶¶ 18, 19.)

B.  Legal Standard

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Corp. v.

Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) (emphasis added by Matsushita Court). An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty-Lobby, Inc., 477 U.S. 242, 248

Defendants argue that summary judgment should be granted in their favor for the following reasons: 1) Plaintiffs have failed to identify the officers involved in the alleged incident, including the officer who allegedly inflicted the injury, and consequently, because they have not been named as parties to the action, the action may not proceed after the close of discovery; 2) municipal liability cannot attach to the City of Pittsburgh because there can be no finding that Plaintiff's Constitutional rights were violated by an individual police officer.

Plaintiff responds that the Defendants have been sufficiently identified as the unknown City of Pittsburgh police officers.

C. Analysis

The United States Court of Appeals has stated that fictitious parties must be dismissed if they are left unidentified at the close of discovery. Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998) (citing Sheetz v. Morning Call, Inc., 130 F.R.D. 34, 36 (E.D. Pa. 1990)). Here, the Court granted numerous discovery extensions so that Plaintiff could determine the identities of the three police officers referenced in his Complaint. Specifically, Plaintiff had from December 21, 2006 until at least February 8, 2008 to uncover their identities. Moreover, a careful review of Defendants' discovery responses submitted with the motion reveals that Defendants made good faith efforts to comply with Plaintiff's discovery requests directed at discovering the unknown officers' identities. In fact, Defendants isolated the date and place of the alleged incident,

5

attempting to identify all officers, whether uniformed or plain clothes, including the narcotics and vice unit, in an effort to specifically respond to Plaintiff's discovery requests. Yet, their identities remain unknown and Plaintiff has offered no evidence to suggest that their identities will ever become known. As of the date of this Report and Recommendation, Plaintiff has neither moved to amend nor added additional parties to his Complaint. Consequently, they must be dismissed from the action. Hindes, 137 F.3d at 155; cf. Alstonv. Parker, 363 F.3d 229, 233 n. 6 (3d Cir. 2004) (the naming of fictitious defendants as stand-ins is permitted until identities can be learned through discovery).

Plaintiff relies on Talbert v. Kelly, 799 F.2d 62, 63 (3d Cir. 1986), in support of his argument that this case should go to trial in the absence of the individual officers' identities. Talbert is readily distinguishable on its facts. In Talbert, the United States Court of Appeals for the Third Circuit noted that although plaintiff had not objected to vague interrogatory answers propounded to learn the identities of the individuals responsible for plaintiffs' constitutional violations, and that no follow-up information had been requested by plaintiffs, the district judge indicated the following:

> [H]aving been directly asked whether there were any such persons [responsible] and having denied their existence and identity, the City cannot now rely upon their absence from this litigation as a shield to its own liability. The City is estopped from claiming at this late juncture the existence of an unnamed indispensable party or parties when it knew or could have easily ascertained the identity of such persons or person."

799 F.2d at 64. The Court of Appeals in Talbert was highly critical of the district judge's estoppel theory when the plaintiffs had a basis for an order pursuant to Fed. R. Civ. P. 37(a) requesting an adequate and understandable response to their interrogatories. Plaintiffs would also have been entitled to seek attorneys fees for the expense incurred in filing a motion to

compel. Yet, noted the Court of Appeals, plaintiffs did nothing. Id. at 66. Consequently, the facts in Talbert at the trial level were highly irregular and offer this Court no guidance in permitting this case to proceed in the absence of any named individual defendants. Moreover, there has been no evidence presented here that the Defendant City has not properly complied with the rules of discovery.[1]

The fact that there are no known individual defendants forecloses any claims of municipal liability, including supervisory liability or failure to train, against the City of Pittsburgh. That is, without a valid claim against the police officers, Plaintiff would be unable to prove a constitutional violation from a policy or custom of the municipality. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). The City was "sued only because [it was] thought legally responsible for [the officers'] actions. Heller, 475 U.S. at 799. If summary judgment is granted in favor of the unknown police officers, the City cannot be found liable to Plaintiff. See id. See also Grazier v. City of Philadelphia, 328 F.3d 120, 124 (3d Cir. 2003). Therefore summary judgment should be granted in favor of Defendant City of Pittsburgh.

III. CONCLUSION

It is respectfully recommended that Defendants' Motion for Summary Judgment at Doc.

---

[1] Plaintiff also relies on Glus v. G.C. Murphy Co., 562 F.2d 880 (3d Cir. 1977). As noted by Plaintiff, that case involved whether an EEOC complainant should have foreseen the necessity and desirability of adding a party in an EEOC proceeding. Clearly, Glus is inapplicable here.

7

No. 28 be granted.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

_____
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: November 13, 2008

cc: The Honorable Gary L. Lancaster
    United States District Court Judge

    All counsel of record
    Via electronic filing